IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

DONALD JOHNSON and DONALD (DJ) JOHNSON,

       Plaintiffs,

v.

RIVERWALK HOLDINGS, LTD and
SILVERMAN & BORNSTEIN, PLLC

       Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Come now Plaintiffs DONALD JOHNSON and DONALD (DJ) JOHNSON and for their causes of action against the defendant states:

### I. Jurisdiction

1.    That this complaint arises under 15 U.S.C. Section 1692 (the Fair Debt Collection Practices Act) and the court has jurisdiction over that claim under 15 U.S.C. Section 1692k.

### II. General Allegations

2.    Plaintiffs are individuals who Defendants claimed were indebted to Defendant RIVERWALK HOLDINGS, LTD, either directly or by way of garnishment. Plaintiff DONALD JOHNSON is the father of Plaintiff DONALD (DJ) JOHNSON. Defendant RIVERWALK HOLDINGS, LTD (hereinafter "Riverwalk") is a purchaser of defaulted consumer debt that purchases such debt for pennies on the dollar then collects it using the mails and interstate commerce from consumers who allegedly owe the debts.

Defendant Riverwalk is therefore debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. Defendant SILVERMAN & BORNSTEIN, PLLC (hereinafter "Silverman") is a collection law firm that collects defaulted consumer debt for others using the mails and interstate commerce from consumers who allegedly owe the debts. Defendant Silverman is therefore debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq.

  3. That at all times herein mentioned Defendants were acting by and through their agents, servants and employees acting within the course and scope of their employment with Defendants.

  4. That the Defendants attempted to collect from Plaintiff DONALD JOHNSON a debt claimed to be owed to it for a U.S. Bank debt incurred primarily for personal and household purposes. Further, Defendants tried to collect the same debt from Plaintiff DONALD (DJ) JOHNSON by way of a garnishment on a bank account he held with his father, Plaintiff DONALD JOHNSON and his mother. Plaintiff DONALD (DJ) JOHNSON was never obligated on the underlying debt.

  5. That in an attempt to collect the debt Defendants represented to the County Court of Garfield County (Rifle division) that Plaintiff DONALD JOHNSON owed the sum of "Principal $1,181.82, Interest $603.21, Attorney Fees $.00, and Costs $162.25, for a total judgment of $1,947.28. Post-judgment interest to continue to accrue at 28.99% per annum." In reliance thereon, the County Court entered a default judgment in that amount that had been prepared by Defendants.

  6. Thereafter, Defendants represented, in a request for garnishment to the County Court of Garfield County (Rifle division), that Plaintiff DONALD JOHNSON was

indebted under the foregoing default judgment in the sum of $2,108.32 representing the original judgment of $1,947.28 plus post judgment interest at the rate of 28.99% per annum for $51.04 plus taxable costs of $110.00. As a result thereof a garnishment was issued attaching the U.S. Bank account in the name of plaintiffs DONALD JOHNSON, DONALD (DJ) JOHNSON and the mother and ex-wife.

7.  Plaintiffs thereafter put Defendants on notice of several facts. They informed Defendants that based upon documents in the County Court file, filed by Defendants that the amount of the judgment could not be correct in that interest rates reflected in the judgment did not reconcile with clearly variable rates in the account statements filed with the Court. Further, Plaintiffs informed Defendants that the bank account they had garnished was an account opened when Plaintiff DONALD (DJ) JOHNSON was a minor with Plaintiff DONALD JOHNSON as only the responsible accommodation adult, that the account contained exclusively funds belonging to Plaintiff DONALD (DJ) JOHNSON, and that such funs included exempt student loan funds. Further, Plaintiffs exhibited documents to Defendants backing up the claims.

8.  Despite being placed on full knowledge of the foregoing facts, Defendants doggedly pursued collection of the full sum from both Plaintiffs by way of the U.S. Bank account containing funds of only DONALD (DJ) JOHNSON.

9.  That thereafter, the County Court issued an amended judgment that stated as follows:

> " Judgment in favor of Plaintiff, RIVERWALK HOLDINGS, LTD , as against Defendant,DONALD W JOHNSON , in the following amounts: Principal $1,181.82, Interest accrued at 8% from April 17, 2008 through March 3, 2011 in the amount of $271.98, Attorney Fees $.00, and Costs $162.25, for a total judgment of $1,616.05. Post-judgment interest to continue to accrue at 8%."

Such judgment became final and is *Res Judicata,* collateral estoppel, and conclusive on this Court under the *Rooker-Feldman* doctrine.

  10. That thereafter, the County Court issued an order which stated as follows:

"The Court, having considered the stipulations of the parties with respect to the facts about the U.S. Bank account subject to a pending garnishment, and having considered the arguments of counsel, finds the said account is exclusive property of Defendant's son and not the Defendant and therefore not subject to execution for the judgment herein against Defendant. The Court therefore finds that the garnishee is not holding funds that are the property of Defendant. As such, the court orders that the garnishee, U.S. Bank is discharged and the funds may be released by the bank to their proper owner, the younger Donald Johnson."

Such judgment became final and is *Res Judicata,* collateral estoppel, and conclusive on this Court under the *Rooker-Feldman* doctrine.

  11. The Defendants violated 15 U.S.C. §§ 1692e by falsely representing to the County Court that the amount of the indebtedness was "$2,108.32 representing the original judgment of $1,947.28 plus post judgment interest at the rate of 28.99% per annum for $51.04 plus taxable costs of $110.00. " when it was substantially less.

  12. Defendants further misrepresented to the County Court that a garnishment was proper in the sum of $2,108.32 representing the original judgment of $1,947.28 plus post judgment interest at the rate of 28.99% per annum for $51.04 plus taxable costs of $110.00 as well as the fact that a garnishment should issue at all on the account containing exclusively the funds of Plaintiff DONALD (DJ) JOHNSON.

  13. The Defendants violated 15 U.S.C. §§ 1692f(1) by attempting to collect, and continuing to attempt to collect, charges not due under the law and the agreement and determined by the County Court to not be due under the agreement and applicable law reflecting the amounts deducted from the original judgment in the amended judgment.

14. The Defendants violated 15 U.S.C. §§ 1692f(1) by trying to collect and continuing to attempt to collect anything from the account containing exclusively the funds of Plaintiff DONALD (DJ) JOHNSON.

15. That as a result of the violations Plaintiffs sustained actual damages in the form of reasonable attorneys fees in the sum of $7,600.00 in the collateral state action defending against Defendants' dogged and aggressive attempts to collect monies not provided for by the agreement and which they misrepresented to the Court were due when they were not. Further, Plaintiffs each sustained recoverable emotional distress and embarrassment. Further Plaintiffs have incurred and is incurring legal fees in bringing this action.

WHEREFORE: Plaintiffs pray judgment against the Defendants in such sum as is reasonable, additional damages under 15 U.S.C. Section 1692k(a)(2)(A), plus attorney's fees under 15 U.S.C. Section 1692k(a)(3), plus interest on their judgment and their costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

/s/ Blair Drazic
Blair K. Drazic
2139 12th Street, Suite 8
Grand Junction, CO 81506
e-mail: blairdrazic@gmail.com
Phone 970-623-1193
Fax 888-858-0992