IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00427-WYD-GJR

DONALD JOHNSON and
DONALD (DJ) JOHNSON,

      Plaintiffs,

v.

RIVERWALK HOLDINGS, LTD. and
SILVERMAN & BORNSTEIN, PLLC,

      Defendants.

---

## ORDER

---

      This is a case filed under the Fair Debt Collections Practices Act, 15 U.S.C. §

1692, *et seq.* ("FDCPA").  Plaintiffs, Donald Johnson ("Mr. Johnson") and his son D.J.,

have filed suit against Defendants Riverwalk Holdings, LTD and Silverman & Bornstein,

PLLC, for their collection efforts on a debt Mr. Johnson owes to U.S. Bank.  Mr.

Johnson claims that Defendants violated the FDCPA by obtaining a default judgment

that included an incorrect and exorbitant interest rate (29.9%).  D.J. also claims that

Defendants wrongfully garnished his personal bank account in an attempt to collect on

his father's debt.  Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6).

[DE-6].  Defendants argue that Mr. Johnson's claim is barred by the FDCPA's one year

statute of limitation and DJ has failed to state a claim for relief.  I have reviewed the

parties' papers and the applicable, and for the reasons set forth below, the Defendants'

motion is granted.

I.     **BACKGROUND**

        The Complaint contains little factual information, which is evidenced by the fact

that the parties have stipulated to the consideration of a number of exhibits attached to

Defendants' motion to dismiss.  The parties maintain that the Court can consider this

information without converting the motion to dismiss to one for summary judgment.  I

will decline the parties' invitation to consider these matters because, as set forth below,

Plaintiffs' Complaint is procedurally deficient and contains insufficient *factual* allegations

to state a claim for relief.

II.    **LEGAL STANDARD**

        Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to

dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  The Court's inquiry is "whether the complaint contains 'enough facts to

state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, LLC v.

Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544 (2007)).   "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550

U.S. at 570).  A pleading that offers 'labels and conclusions' or a formulaic recitation of

the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting

*Twombly*, 550 U.S. at 555, 557).  Furthermore, conclusory allegations are "not entitled

to the assumption of truth." *Id.* at 679.

III.   **LEGAL ANALYSIS**

   A.   **STATUTE OF LIMITATIONS**

In the first claim for relief,[1] Mr. Johnson maintains that Defendants violated 15

U.S.C. §1692e[2] and §1692f(1)[3] by attempting to collect a debt in the incorrect amount.

Specifically, he alleges in the Complaint that:

> The Defendants violated 15 U.S.C. §§ 1692e by falsely representing to the
> County Court that the amount of the indebtedness was "$2,108.32
> representing the original judgment of $1,947.28 plus post judgment
> interest at the rate of 28.99% per annum for $51.04 plus taxable costs of
> $110.00. " (*sic*) when it was substantially less.

Compl., ¶11 [DE-1].  Defendants argue in their motion to dismiss that this claim is

barred by the statute of limitations.  Defendants rely on Tenth Circuit authority that

provides that statute of limitation's clock commences when the debt collector serves a

lawsuit on th debtor to collect a debt.  *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir.

2002).  In this case, Defendants served Mr. Johnson with a debt collection lawsuit on

---

[1]Plaintiffs' complaint failed to comply with Rule 10(b)'s requirement that separate claims
for relief should be alleged in separate counts. Fed. R. Civ. P. 12(b).  Plaintiff has improperly
alleged Mr. Johnson's claim in the same count as D.J.'s claim.  If Plaintiff should file an
amended pleading, I require Plaintiffs to plead separate counts for each claim for relief.

[2]15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing the amount
of a debt in connection with the collection of that debt.

[3]15 U.S.C. § 1692f(1) prohibits a debt collector using unfair or unconscionable means to
collect or attempt to collect any debt, including:

> (1)   The collection of any amount (including any interest, fee, charge, or
>        expense incidental to the principal obligation) unless such amount is
>        expressly authorized by the agreement creating the debt or permitted by
>        law.

January 3, 2011. Because Mr. Johnson filed the instant suit more than a year later on February 16, 2012, Defendants argue this action is barred. *See* 15 U.S.C. §1692k(d) ("[a]n action to enforce any liability created by [the FDCPA] may be brought ... within one year from the date on which the violation occurs.").

In his response brief, Mr. Johnson suggests that Defendants misapprehend his claim for relief. He posits that he had no claim for a FDCPA violation at the time Defendants served him with the state law complaint. Rather, it was not until the Defendants requested a default judgment on February 16, 2011, that Mr. Johnson claims Defendants violated the FDCPA - triggering the commencement of the one-year statute of limitations. Mr. Johnson supports this assertion with a lengthy analysis of prevailing interest rates, the exhibits attached to the state law complaint and the relevant case law. None of these matters beyond the pleadings, however, would be necessary if the allegations of the Complaint clearly stated a plausible cause of action. That Mr. Johnson must rely on extraneous materials to cobble together a claim that survives a Rule 12(b)(6) motion to dismiss demonstrates that an amended pleading is necessary. If there was no FDCPA violation until the Defendants sought a default judgment then the Complaint needs to make that clear with the requisite factual allegations. At present, the Complaint makes no such claim. *See* Compl., ¶11 [DE-1]. Accordingly, Defendants' motion to dismiss is granted as to Mr. Johnson's claim under 15 U.S.C. §1692e and §1692f(1).

### B.   ATTEMPT TO GARNISH D.J.'S FUNDS

As to D.J.'s claim that Defendants violated §1692f(1) by trying to collect and

continuing to collect a debt from an account containing his funds, Defendants seek to dismiss this claim for failure to state a claim.  Defendants correctly note, and D.J. concedes, that it is not an FDCPA violation to garnish a bank account held jointly by the debtor and another.  Pl's Resp., p. 4 [DE-11].  D.J., however, relying on *Billiar v. Atlantic Credit& Financial*, *Inc.,* No. 09–CV–0133, 2011 WL 3418196 (D. Minn. Aug. 4, 2011), argues that it is an FDCPA violation to continue to attempt to garnish wages of a non-debtor after the debt collector has been informed and shown documents that the funds in the joint account do not belong to the debtor.  Pl.'s Resp., pp. 4-6 [DE-11].

D.J. misapprehends the import of *Billiar*.  The only similarity between this case and *Billiar* is that they both involve debt collectors attempting to garnish accounts held jointly by both the debtor and other individuals.  *Billiar*, however, does not stand for the proposition that it is an FDCPA violation to continue garnishment efforts after receiving information from the debtor that the seized funds do not belong to the debtor.  Rather, *Billiar* stands for the wholly unremarkable proposition that debt collectors cannot make false or misleading statements in collecting a debt.  *Billiar, at *6.  The false statement at issue in *Billiar* involved a debt collector allegedly stating that he could seize the funds of the non-debtor, which was contrary to Minnesota law.  *Id.* at *2, 6.  Here, D.J. has alleged no such misrepresentation by Defendants.  He has only alleged that Defendants attempted to garnish a joint bank account and that the state court ultimately ruled that the funds were not subject to garnishment.  Compl., ¶10.  He therefore has stated no violation of the FDCPA under *Billiar* or other authorities.  Accordingly, the motion to dismiss D.J.'s claim is granted.

**IV.    CONCLUSION.**

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss [DE-6] is GRANTED and the

Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiffs have until **December 12,**

**2012**, to file an amended pleading.  Plaintiffs should only re-file D.J.'s claim if facts exist

to state a plausible claim for relief.

Dated:  November 30, 2012.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE