**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action Number 1:12-cv-00427-WYD-GPG

Donald Johnson and Donald (DJ) Johnson,

      Plaintiffs,

v.

Riverwalk Holdings, LTD and
Silverman & Bornstein, PLLC,[1]

      Defendants.

---

**DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**

---

      Defendants, Riverwalk Holdings, LTD (Riverwalk) and Silverman & Borenstein, PLLC (S&B) (collectively Defendants), by and through their undersigned attorney, respectfully submit this Cross Motion for Summary Judgment.   By way of background, this pleading is the latest in a series of motions and briefs concerning Plaintiffs' allegations that Defendants committed violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*

      The Court previously granted Defendants' Motion to Dismiss the Complaint but gave Plaintiffs leave to amend for only one of the Plaintiffs' claims.   Docket 21. Plaintiffs nonetheless, filed an Amended Complaint on behalf of both Plaintiffs.   Docket 22.  Defendants once again filed a motion to dismiss that is currently pending.   Docket 23.   Subsequently, Plaintiffs filed a "Joint Motion for Partial Summary Judgment" on the

---

[1] The correct spelling of this Defendant's name is Silverman & Borenstein, PLLC.

issue of liability of Plaintiffs' FDCPA claims.   Docket 25.   Defendants filed a response to the motion.   Docket 33.   Defendants still assert that the Amended Complaint fails to state plausible claims for relief under F.R.C.P. 12(b)(6) and dismissal is appropriate. However, given that the Scheduling Order, as amended, provides that dispositive motions shall be filed no later than February 25, 2013 Defendants file their Cross Motion for Summary Judgment.

## I.   MOVANT'S STATEMENT OF MATERIAL FACTS

1. On January 3, 2011 Mr. Johnson was served with a complaint to collect a debt in a collection case filed in the County Court of Garfield County, Colorado, captioned *Riverwalk Holdings, LTD v. Donald Johnson*, case number 2011C41 (State Court Case).  Docket 25, Exhibit 1, Complaint.

2. S&B represented Riverwalk in the State Court Case.  *Id.*

3. Attached to the complaint was an affidavit signed by Riverwalk's authorized representative claiming interest at the prejudgment rate of 18% and billing statements providing for an interest rate of 28.99% per annum.   Docket 25, Exhibits 2 and 3, Affidavit and Billing Statements.

4. On March 3, 2011 a default judgment entered against Mr. Johnson.  Docket 25, Exhibits 4-7, Default Judgment.

5. Defendants obtained a Writ of Garnishment with Notice of Exemption and Pending Levy (the Writ) for a bank account held by Mr. Johnson.  Docket 25, Exhibit 8, Writ.

2

6. Mr. Johnson filed a claim of exemption asserting that the monies garnished by Defendants were the exclusive property of his son, co-Plaintiff DJ Johnson (DJ) and exempt from execution.  *See*, Docket 25, Exhibit 9, Claim of Exemption.

7. Mr. Johnson also filed a motion to set aside the default judgment alleging that he did not receive proper notice of the State Court Case because his wife did not give him the summons and complaint, and that the interest rate requested was improper.  Docket 25, Exhibits 10-12, Motion for Relief.

8. After a hearing the county court denied Mr. Johnson's motion to set aside the judgment.

9. The county court acting *sua sponte* amended the interest rate from 28.99% to 8% per annum.  *See*, Docket 25, Exhibit 16, Amended Judgment.

10. The county court granted the claim for exemption holding that the funds in the joint bank account were DJ's property.  *See*, Docket 33, Exhibit 1.

11. On February 16, 2012 Plaintiffs filed a complaint in this Court asserting violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f of the FDCPA.  Docket 1.

12. On April 16, 2012 Defendants filed a motion to dismiss under C.R.C.P. 12(b)(6) alleging that Mr. Johnson's claims were barred by the statute of limitations and DJ failed to state a plausible claim for relief.  Docket 6.

13. On November 30, 2012 the Court granted Defendants' motion to dismiss.  Docket 21.

14. The Court held Mr. Johnson's claims were time barred, and DJ's claims failed since there were no allegations that Defendants made any false representations in attempting to garnish the joint bank account.    *Id.*

15. The Court dismissed the Complaint without prejudice.   The Court ordered that "Plaintiffs have until **December 12, 2012,** to file an amended pleading.   Plaintiffs should only re-file D.J.'s claim if facts exist to state a plausible claim for relief." *Id.* at *6 (emphasis in original).

16. On December 12, 2012 a First Amended Complaint was filed on behalf of both Mr. Johnson and DJ alleging the same claims for relief under 15 U.S.C. § 1692e and 15 U.S.C. § 1692f .   Docket 22.

17. On January 2, 2013, Defendants filed a Motion to Dismiss First Amended Complaint under F.R.C.P. 12(b)(6) asserting once again that Plaintiffs failed to state a plausible claim for relief under the FDCPA.   Docket 23.

18. A Response, Reply, and Surreply to the Motion to Dismiss were filed and are currently pending.   Docket 24, 26, and 32.

19. Plaintiffs filed a "Joint Motion for Partial Summary Judgment" on the issue of liability of their FDCPA claims.   Docket 25.

## II.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden. A genuine fact does not exist simply by the nonmoving party demonstrating some

metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Instead, the nonmoving party must come forward with evidence significantly probative of its claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 586.

A party opposing a properly supported motion for summary judgment on the grounds that material facts are disputed has the burden to demonstrate a genuine issue for trial on a material matter. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994). Under Fed.R.Civ.P. 56(c), a party opposing summary judgment may not rest solely on the allegations in the pleadings, but must instead go beyond the pleadings and by affidavits, or by depositions, answers to interrogatories, and admissions on file, designate "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324. Hearsay statements and self-serving declarations are not specific admissible facts to defeat summary judgment. *Johnson v. Weld County,* 594 F.3d 1202, 1210 (10th Cir. 2010); *Hall v. Bellman,* 935 F.2d 1106, 1111 (10th Cir. 1991). Additionally, unnecessary or irrelevant facts will not defeat a motion for summary judgment. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Judgment is appropriate as a matter of law when the non-moving party fails to make an adequate showing of an essential element of its case to which it has the burden. *Celotex,* 477 U.S. at 323.

Here, if the record as it stands now is taken as a whole, a rational trier of fact could not find for Plaintiffs. Further, Plaintiffs cannot point to any specific facts showing that there is a genuine issue for trial. Consequently, summary judgment must be entered in Defendants' favor.

### III.   LEGAL ARGUMENT

**A. Mr. Johnson's Claims were Filed in Violation of the Court's November 30, 2012 Order**

Plaintiffs brought claims against Defendants asserting violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.   On November 30, 2012 the Court granted Defendants' Motion to Dismiss.   Docket 21.   The Court held that Mr. Johnson's claims were barred by the FDCPA's one year statute of limitations.   *Id.*  Additionally, the Court held that DJ failed to state a claim upon which relief may be granted.  As a result, the Court ordered the Complaint dismissed without prejudice.   The Court also ordered that, "Plaintiffs should only re-file D.J.'s claim if facts exist to state a plausible claim for relief."   *Id.* at *6.

In complete disregard of the Court's Order Plaintiffs filed the Amended Complaint asserting identical claims that were previously dismissed on behalf of Mr. Johnson. Additionally, no new facts are alleged in support of Mr. Johnson's claims.  His claims should be dismissed because they are filed in violation of the Court's dismissal Order. Even if Mr. Johnson's claims are properly before the Court, the claims are time barred and still do not entitle him to any relief.

**B. Mr. Johnson's Claims are Barred by the Statute of Limitations**

15 U.S.C. 1692k(d) provides that "[a]n action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs."  It is well settled in the Tenth Circuit that when FDCPA claims arise out of a debt collection suit the plaintiff does not have a "complete and present cause of action. . . until the plaintiff has been served."  *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002) (citations omitted).   Other Circuit Courts that have addressed the issue came to the same conclusion.   The Ninth Circuit rejected the argument that the violation occurs when judgment is entered and instead held that the violation occurred when the complaint, with a misrepresentation, was filed in the state court.  *Naas v. Stolman*, F.3d 892, 893 (9th Cir. 1997).   The Eighth Circuit concluded that the violation occurs "on the…actual filing, of litigation."  *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001).

Mr. Johnson was served with a summons and complaint in the State Court case on January 3, 2011.   Plaintiffs' initial Complaint was filed over one year later on February 16, 2012.  Docket 1.  The substance of Mr. Johnson's FDCPA claims is as follows.   An affidavit attached to the State Court Case complaint represented that interest on the principal amount of the debt accrued at the rate of 18% per annum. *See,* Docket 22, ¶ 6.   On February 18, 2011 in a pleading seeking default judgment against Mr. Johnson, Defendants sought interest at the rate of 28.99% per annum. *See,* Docket, ¶ 7.   Although not well articulated in the Amended Complaint, Plaintiffs contend that the interest rate sought by Defendants "was excessive under C.R.S. § 5-12-102(4) in that Defendants did not have the required writing to collect in excess of

8%." *See,* Docket 22, ¶¶ 7 and 10.   Thus, Plaintiffs conclude, such conduct constitutes a violation of the FDCPA.

In *Wyles v. Excalibur I, LLC*, 2006 WL 2583200 (D. Minn. 2006) the Court was presented with the identical issue. In May 2004 Excalibur filed a state court debt collection action.   A default judgment entered in June 2005.   Wyles filed her FDCPA lawsuit in December 2005 alleging Excalibur improperly sought interest and attorney fees in the state court case.

Excalibur moved to dismiss arguing that Wyles's cause of action accrued on the date it commenced the debt collection action.   Wyles asserted that her cause of action accrued on the date the state court entered default judgment against her.   The court rejected plaintiff's argument.   "Once Wyles was served, the lawsuit was commenced against her, and Excalibur's [FDCPA violation] was complete at that time."   *Id.* at *3. "Using the date of commencement of the lawsuit for the accrual date focuses on the conduct of the debt collector.... In contrast, the date of the Minnesota default judgment would focus on the action of the court, rather than the conduct of the debt collector." *Id.*

The court reasoned that "where the creditor misrepresents relevant law or facts...the violation is fixed to the complaint."   *Id.* at *7 (*citing Rosado v. Taylor*, 324 F.Supp.2d 917, 921-22 (N.D.Ind.2004)).   "As a practical matter, if a creditor proceeds with litigation that misrepresents the applicable law or facts, then the commencement of litigation is the last opportunity that the creditor has to avoid the violation."   *Id.* at *8 (citations omitted).   "Once a creditor has advanced a position in litigation, the

opportunity to cure the violation has passed.   And commencement of litigation is a clear and certain commitment by the creditor.   If the violation were connected to other pleadings or the judgment, then there would be greater uncertainty about when the violation has occurred."   *Id.* at *8.

The same rationale applies here.   Mr. Johnson was served with the State Court Case on January 3, 2011.   Attached to the complaint was an affidavit seeking interest at the rate of 18% per annum.   Mr. Johnson alleges that since Defendants requested interest in excess of 8% without proper written support Defendants' conduct violated the FDCPA.   Any FDCPA violations were therefore fixed on January 3, 2011.   Mr. Johnson asserts that the FDCPA violations occurred on February 18, 2011 when Defendants sought default judgment by seeking interest at 28.99% per annum.   This argument, however, has been rejected by three Circuit Courts of Appeal and *Wyles.*   Since it is indisputable that the Complaint was filed more than one year after Mr. Johnson was served in the State Court Case his claims are time barred and Defendants are entitled to summary judgment.

## C. Defendants did not make False or Misleading Statements in the State Court Case

Assuming *arguendo* that Mr. Johnson's claims are properly before the Court and are not time barred, Defendants are still entitled to summary judgment.

Plaintiffs' assert that Defendants made false or misleading statements in collecting the debt by seeking an improper interest rate.   Plaintiffs allege that Defendants' alleged failure to provide a contract or instrument in writing specifying a

higher interest rate as required by C.R.S. § 5-12-102(4) in the State Court Case constitute FDCPA violations.   Docket 22, ¶ 7.   Plaintiffs' have failed to muster sufficient facts in support of this theory.

Under Colorado law creditors are entitled to statutory interest at the rate of 8%. *See* C.R.S. § 5-12-101.    A greater rate may be stipulated to by the parties in an instrument in writing.   *See,* C.R.S. § 5-12-103(1); *Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo. 1986) (parties to contract are free to set rate of interest by mutual agreement).   In the State Court Case Defendants requested prejudgment interest at the rate of 18% and post judgment interest at the rate of 28.99%.   Defendants used these interest rates relying on an affidavit and the billing statements attached to the State Court Case complaint.   *See,* Docket 25, Exhibits 2-3.   Since the rate of interest was supported by an instrument in writing Defendants did not make a false or misleading statement in violation of § 1692e or § 1692f.

It was not false or misleading under § 1692e to request an interest rate of 28.99%.   The fact that the state court judge rejected the interest rate and on its own motion reduced it to 8% does not establish that Defendants' assertions were false or misleading.   "That a debt collector's fact allegations are false and misleading for purposes of § 1692e when rejected as not adequately supported in the collection suit— would be contrary to the FDCPA's 'apparent objective of preserving creditors' judicial remedies,' an objective consistent with the principle 'that the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.'"   *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 820 (8th Cir.

2012).  (citation omitted).   As the court noted, "[t]here is no need for follow-on § 1692e litigation that increases the cost of resolving bona fide debtor-creditor disputes." *Id.* at 821.

For the same reasons Mr. Johnson's § 1692f argument fails.   Since Defendants did not employ false or unconscionable means to collect or attempt to collect the debt they did not attempt to collect an amount not authorized by law or the agreement that created the debt pursuant to § 1692f.

### D.  DJ does not have standing to assert his claims

DJ has constitutional standing to sue if Defendants' alleged statutory violations injured him in "a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  However, there are also prudential limits on standing, one of which is that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  In other words, DJ has standing to assert his claims only if the FDCPA grants persons in his position a right to judicial relief.  *Id.* at 500.

In *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011) the court held that: "As a general matter, the [FDCPA] and its protections do not extend to third parties.  Although courts have extended the Act's prohibitions to some statements made to a consumer's attorney, and to others who can be said to stand in the consumer's shoes, none has extended the Act to persons who do not have a special relationship with the consumer." *Id.* at 943-44.  "Thus, the Act is limited to protecting consumers and those who have a special relationship with the consumer – such that the

11

Act is still protecting the consumer – from statements that would mislead these consumers." *Id.* at 943.   The court stated that "[t]he Act is not similarly interested in protecting third parties." *Id.*; *see also Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

In *Todd v. Collecto, Inc.,* 2012 WL 5510226 (N.D. Ill. 2012)*,* the Plaintiff brought claims under § 1692e and § 1692f arising from a phone conversation he had with a debt collector regarding his mother's debt.   The Plaintiff was not connected to the debt in any way.   *Id.*   The court held that the "plaintiff can pursue these claims only if he legally 'stands in the shoes' of his consumer-mother."   *Id.*   Because plaintiff did not "stand in the shoes" of his mother, or even alleged that he did, the court found for the defendant as the plaintiff lacked standing to assert his claim for relief.   *Id.*

As is the case in *Todd,* DJ is a third party and does not have a special relationship with Mr. Johnson.   DJ does not allege that he has a special relationship with Mr. Johnson because there are no facts to support this allegation. DJ is a third party and is not connected to his father's debt in any way.     Although DJ may believe the Defendants started to collect the debt from him upon garnishing the bank account there are no specific facts to support this allegation.    DJ does not legally "stand in the shoes" of his father.   *Id.*   He lacks standing to assert a claim that Defendants tried to collect his father's debt from him.   DJ may not rest his claim to relief on the legal rights or interests of Mr. Johnson.   *Todd*, *supra.*

## E.  Defendants did not attempt to collect the debt from DJ

DJ has already conceded "that it is not an FDCPA violation to garnish a bank account held jointly by the debtor and another."   Docket 21 at *5.  This Court held there is no support for "the proposition that it is an FDCPA violation to continue garnishment efforts after receiving information from the debtor that the seized funds do not belong to the debtor."   *Id.*   Rather, there must be a showing that Defendants made false or misleading statements in collecting the debt to establish liability.   *Id.*   DJ makes no effort to show that Defendants attempted to collect a debt from him and if so, that Defendants made false or misleading statements in collecting the debt or tried to "collect too much from him."  Docket 24 at pgs. 8-10.

In an attempt to maneuver around the Court's Order and his own admissions, DJ now alleges, without any factual support, that when the Writ attached the joint bank account, "[a]t that point Defendants first began trying to collect the debt from Plaintiff DJ JOHNSON."   Docket 22, ¶ 9.   DJ therefore asserts that by doing so Defendants violated 15 U.S.C. § 1692e and § 1692f.

The problem with DJ's flawed theory is that are no facts to support it.   The facts remain unchanged.   Defendants obtained the issuance of the Writ for a bank account belonging to Mr. Johnson.  The Writ identified only Mr. Johnson as the judgment debtor – including his middle initial - and specifically identified his address, and social security number.   Defendants never attempted in any way to collect a debt owed by Mr. Johnson from DJ.   Defendants never contacted DJ by phone or in writing to attempt to collect his father's debt.   Defendants did not threaten or harass DJ to pay his father's debt.   There is no evidence of any collection effort that intentionally sought to collect

13

Mr. Johnson's debt from DJ.   Likewise, Defendants did not represent that they could seize DJ's funds.

The Writ was directed at Mr. Johnson and served on a joint account belonging to Plaintiffs and Mr. Johnson's wife.   Mr. Johnson filed a claim of exemption asserting the funds in the account belonged to DJ.   A hearing was held and the court found the funds belonged to DJ and thus, were exempt from garnishment.   DJ does not allege Defendants used improper language in the garnishment form, that the bank was directed to turn over exempt funds, or that the bank was directed to transfer funds to Defendants before there was an opportunity to be heard.   DJ had an opportunity to be heard and the court agreed with his assertion that the funds were exempt and ultimately should be released.   Colorado garnishment laws and proceedings were followed.

Here, if the record as it stands now was taken as a whole, a rational trier of fact could not find for DJ.   Despite being given multiple opportunities to allege specific facts showing a genuine issue for trial on his § 1692e and § 1692f claims,  DJ has failed to do so.  *Celotex, supra,* at 323-25.   Counsel's self-serving declarations do not constitute the necessary specific admissible facts to defeat summary judgment.    *See Johnson v. Weld County*, *supra,* at 1210; *Hall v. Bellman*, *supra,* at 1111 (10th Cir. 1991).

IV.    **CONCLUSION**

Plaintiffs have failed to set forth a genuine dispute as to any material fact. Defendants are entitled to summary judgment in their favor on all of Plaintiffs' claims for relief.

Respectfully submitted this 25th day of February, 2013.

s/ Irvin Borenstein

s/ Daniel Chapman
Silverman/Borenstein, PLLC
13111 East Briarwood Avenue   #340
Centennial, Colorado   80112
Phone:  303-768-0200
Fax:  303-768-0220
irv@sblawplc.com
Daniel@sblawpllc.com
Attorneys for Defendants

*Original signatures on file at the offices
of Silverman/Borenstein, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2013, I electronically filed the foregoing Defendants' Cross Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following via e-mail to:

Blair K. Drazic, Esq.
2139 12th Street, #8
Grand Junction, CO 81501

s/Sherrie Shinkle
Sherrie Shinkle, Paralegal

*Original signature on file at the offices of
Silverman/Borenstein, PLLC*