IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00427-WYD-GJR

DONALD JOHNSON and
DONALD (D.J.) JOHNSON,

    Plaintiffs,

v.

RIVERWALK HOLDINGS, LTD. and
SILVERMAN & BORENSTEIN, PLLC,

    Defendants.

**ORDER**

I.    INTRODUCTION AND BACKGROUND

This is a case filed under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Plaintiffs, Donald Johnson ("Mr. Johnson") and his son D.J., have filed suit against Defendants Riverwalk Holdings, LTD and Silverman & Borenstein, PLLC, for their collection efforts on a debt Mr. Johnson owes to U.S. Bank.

By way of background, in an Order dated November 30, 2012, I granted Defendants' motion to dismiss Plaintiffs' original complaint without prejudice as to both Mr. Johnson and D.J.'s FDCPA claims under 15 U.S.C. § 1692e and § 1692f(1). (Order, ECF No. 21).  In an attempt to remedy the initial complaint's procedural deficiencies and insufficient factual allegations, on December 12, 2012, Plaintiffs filed an Amended Complaint.  On January 1, 2013, Defendants timely filed their pending Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)

(ECF No. 23).  *See* Fed. R. Civ. P. 12.  In the motion, Defendants argue that Mr. Johnson's claims are barred by the FDCPA's one year statute of limitation and that D.J. has failed to state a claim for relief.  After carefully reviewing the applicable pleadings, Defendants' motion is granted as set forth below.

While the Amended Complaint contains little factual information, it specifically refers to a number of exhibits attached to Defendants' motion to dismiss.  These exhibits were filed in the Garfield County state court debt collection case brought by Defendants against Mr. Johnson captioned *Riverwalk Holdings, LTD v. Donald Johnson*, case number 2011C41 ("state court case").  The parties request that I take judicial notice of the state court case and its files pursuant to Fed. R. Evid. P. 201, maintaining that I can consider this information without converting the motion to dismiss to one for summary judgment.

"Although a court generally must convert a motion to dismiss to one for summary judgment when the court considers matters outside the pleadings, Fed. Civ. P. 12(d), a court need not do so if it takes judicial notice of its own files and records, as well as facts which are a matter of public record."  *Rose v. Utah State Bar*, 471 Fed. Appx. 818, 820 (10th Cir. 2012) (internal quotations omitted); *see Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (holding that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment); *see McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (stating that "[t]he court is permitted to take judicial notice of its own files and records, as well as other facts which are a matter of public record.").  Accordingly, I take judicial

notice of the Garfield County state court action and its filings pursuant to Fed. R. Evid. 201.  Moreover, given the Tenth Circuit authority cited above, I need not convert the instant motion to dismiss to a motion for summary judgment.

On January 3, 2011, Defendants commenced the state court case by serving Mr. Johnson with a summons and complaint for a credit card debt.  Defendants attached an affidavit to the state court action signed by Riverwalk's authorized representative stating "that there is an outstanding principal balance presently due of $1,182.82 plus interest accruing at the rate of 18% per annum ...."  (Ex. A, Affidavit ¶ 5).  On February 18, 2011, Defendants filed a motion for a default judgment asking for "principal $1181.82, interest of $603.21, Attorneys fees $.00, Costs of $162.25 for a total sum of $1,947.28."  (Am. Compl. ¶ 7).  "Post-Judgment interest to continue to accrue at 28.99% per annum."  (Am. Compl. ¶ 7).  On March 3, 2011, a default judgment entered against Mr. Johnson in the amount requested by the Defendants.  (Am. Compl. ¶ 7).

On April 6, 2011, Defendants filed a Writ of Garnishment with Notice of Exemption and Pending Levy with the Garfield County Court.  (Ex. C, Writ).  On April 7, 2011, the Garfield County Court issued the Writ, which was served on U.S. Bank.  An account jointly owned by Mr. Johnson, his ex-wife, and D.J. was attached.  (Am. Compl. ¶¶ 9-10). On April 26, 2011, Mr. Johnson filed a Claim of Exemption to the Writ, stating that the U.S. Bank account belonged to D.J.  (Ex. 5, ECF No. 6).  On July 7, 2011, the Garfield County Court agreed and ordered the funds released from the garnishment. (Ex. 9, ECF No. 6).

Mr. Johnson also filed a motion to set aside the default judgment, which was

denied.  (Ex. 7, ECF No. 6).  However, the Garfield County Court issued an Amended Order for Default Judgment, which reduced the interest rate from 28.99% to 8% at Riverwalk's request and recalculated pre-judgment interest based on the new interest rate.  (Ex. 8, ECF No. 6).

On February 16, 2012, Plaintiffs filed their initial complaint in this Court, alleging that the Defendants' conduct in the state court case violated the FDCPA.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).  A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Furthermore, conclusory allegations are "not entitled to the assumption of truth."  *Id.* at 679.

III.   DISCUSSION

    A.   Statute of Limitations

In the first claim for relief, Mr. Johnson maintains that Defendants violated 15 U.S.C. §1692e[1] and §1692f(1)[2] by attempting to collect a debt in the incorrect amount. (ECF No. 22).  Defendants argue in their motion to dismiss that this claim is barred by the statute of limitations.  Defendants rely on Tenth Circuit authority that provides that the statute of limitation's clock commences when the debt collector serves a lawsuit on the debtor to collect a debt.  *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). "[W]here the plaintiff's FDCPA claim arises from the instigation of a debt collection suit, the plaintiff does not have a 'complete and present cause of action,' ... and thus no violation occurs within the meaning of § 1692k(d), until the plaintiff has been served." *Id.*

In this case, Defendants served Mr. Johnson with the debt collection lawsuit on January 3, 2011.  Because Mr. Johnson filed the instant suit more than a year later on February 16, 2012, I agree with Defendants that Mr. Johnson's claims are time-barred under *Johnson*.  *See* 15 U.S.C. §1692k(d) ("[a]n action to enforce any liability created

---

[1] 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing the amount of a debt in connection with the collection of that debt.

[2] 15 U.S.C. § 1692f(1) prohibits a debt collector using unfair or unconscionable means to collect or attempt to collect any debt, including:

    (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

by [the FDCPA] may be brought ... within one year from the date on which the violation occurs.").

Relying on *Campos v. Brooksbank*, 120 F. Supp. 2d 1271 (D.N.M. 2000), Mr. Johnson argues that his FDCPA claim occurred not when the Defendants served him with the state court complaint, but when the Defendants requested a default judgment on February 16, 2011. Mr. Johnson misapprehends the import of *Campos.* Consistent with the analysis in *Johnson v. Riddle,* in *Campos,* a New Mexico district court denied a motion to dismiss holding that the debtors in that case "did not receive actual notice of the debt collection suit, or even of the allegedly false affidavits, until Defendant successfully had their wages garnished." *Id.* at 1274. Here, Mr. Johnson received actual notice of the debt collection lawsuit when he was served on January 3, 2011. The debt collection lawsuit contained an affidavit representing that interest on the principal amount of the debt accrued at the rate of 18% per annum, which provides the starting point for Defendants' alleged FDCPA violations. Accordingly, pursuant to controlling authority, I find that Mr. Johnson's FDCPA claims are barred by the applicable one-year statute of limitations. Defendants' motion to dismiss is granted as to Mr. Johnson's claim under 15 U.S.C. §1692e and §1692f(1).

B.  <u>Failure to State a Claim for Relief as to D.J.'s FDCPA Allegations</u>

In the First Amended Complaint, D.J. claims that the Defendants violated §1692e

> by falsely representing to the County Court that Defendants were entitled to garnish Plaintiff D.J. Johnson's bank account for of [sic] $2,108.32 representing the original judgment of $1,947.28 plus post judgment

> interest at the rate of 28.99% per annum for $51.04 plus taxable costs of $110.00 when the amount was substantially less.

(Am. Compl. ¶ 16). D.J. also alleges that the Defendants violated §1692f(1) by trying to collect and continuing to collect "excess interest charges not due under the law and the agreement." (Am. Compl. ¶ 17). Defendants seek to dismiss this claim for failure to state a claim.

D.J. alleges that Defendants misrepresented the amount of the debt in violation of §1692e and attempted to collect an amount not authorized by law or agreement in violation of §1692f. Based on my review of the Amended Complaint and the state court records, I find that D.J. has failed to plausibly state an FDCPA violation. Here, a default judgment was entered against Mr. Johnson only. A garnishment was issued to enforce that judgment against Mr. Johnson's bank account. The bank account was held jointly with D.J. and D.J.'s mother. Mr. Johnson filed a claim of exemption, stating that the bank account was owned by D.J. The state court upheld the exemption.

There are no allegations that the Defendants attempted to collect Mr. Johnson's judgment from D.J. The Writ of Garnishment specifically named Mr. Johnson as the judgment debtor and set forth his address and last four digits of his social security number. The Writ did not provide any information with respect to D.J. (Ex. C, ECF No. 23). Moreover, as I noted in my prior Order, it is not an FDCPA violation to garnish a bank account held jointly by the debtor and another. (ECF No. 21). In the Amended Complaint, D.J. merely offers conclusory violations of the FDCPA without further factual enhancement. Thus, I find that D.J. failed to state a claim for an FDCPA violation that is

plausible on its face. Accordingly, the motion to dismiss D.J.'s claim is granted.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 23) is **GRANTED.** The First Amended Complaint is **DISMISSED**.

Dated: May 29, 2013

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              WILEY Y. DANIEL,
                              SENIOR UNITED STATES DISTRICT JUDGE